IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROGER ELLIOT,                            )
                                         )
    Plaintiff,                           )
                                         )
    v.                                   )
                                         )
CHAIRMAN OF THE UNITED STATES            )
MERIT SYSTEMS PROTECTION                 )
BOARD,                                   )    Civil Action No. 1:19-cv-01111 (RDA/IDD)
                                         )
    Defendant,                           )
                                         )
CHAIRMAN OF THE FEDERAL                  )
DEPOSIT INSURANCE CORPORATION, )
                                         )
    Defendant.                           )

## ORDER

This matter comes before the Court on Defendants Chairman of the United States Merit Systems Protection Board's and Defendant Chairman of the Federal Deposit Insurance Corporation's ("Defendants") Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), and Motion for Entry of Pre-Filing Injunction ("Motion for Prefiling Injunction"). Dkt. 7. Considering Plaintiff's Complaint for Violation of Civil Rights ("Complaint") (Dkt. 1), Defendants' Motion to Dismiss (Dkt. 7), Defendants' Motion for Prefiling Injunction (Dkt. 7), Defendants' Memorandum of Law in Support (Dkt. 8), Plaintiff's Opposition to Motion for Pre-Filing Injunction (Dkt. 11), Plaintiff's Brief in Opposition to Motion to Dismiss (Dkt. 12), Plaintiff's Motion to Remind that the Issue is an Unconstitutional Judgment (Dkt. 14), and Plaintiff's Motion to Speedily End Confessed, Constitutional Violations (Dkt. 15), the Court GRANTS Defendant's Motion to Dismiss and enjoins Plaintiff from filing additional pleadings

and motions in this Court regarding the same subject matter of this case without first obtaining leave of Court.

## I. BACKGROUND

On June 18, 1999, Plaintiff was terminated from his job at the Federal Deposit Insurance Corporation ("FDIC") where he worked as a computer specialist. Dkt. 1, 2; *Elliot v. FDIC*, No. DC-07552-99-0690-I-1, at 1 (M.S.P.B. Nov. 9, 1999). He was terminated due to "falsification of official documents, failure to follow instructions, inappropriate or disrespectful conduct, and absence without leave." *Elliot v. FDIC*, No. DC-07552-99-0690-I-1, at 1 (M.S.P.B. Nov. 9, 1999).

### A. *Elliot v. FDIC*, No. DC-07552-99-0690-I-1 (M.S.P.B. Nov. 9, 1999)

Later in 1999, Plaintiff appealed the FDIC's termination decision to the United States Merit Systems Protection Board ("MSPB"). *See Elliot v. FDIC*, No. DC-07552-99-0690-I-1, at 1 (M.S.P.B. Nov. 9, 1999); Dkt. 8-1, 2-13. After a hearing, a MSPB Administrative Judge affirmed the FDIC's termination decision because it found that the FDIC had proved by a preponderance of the evidence that Plaintiff supplied incorrect information to the FDIC and that Plaintiff intended to defraud the FDIC. *Elliot v. FDIC*, No. DC-07552-99-0690-I-1, at 3, 9 (M.S.P.B. Nov. 9, 1999); Dkt. 8-1, 4, 9. The MSPB judgment became final on August 18, 2000. *Elliot v. United States*, No. 19-696C, 2019 WL 3246995, at *1 (Fed. Cl. July 19, 2019).

### B. *Elliot v. FDIC*, No. 1:00-cv-1553 (E.D. Va. May 11, 2001)

On September 18, 2000, Plaintiff, proceeding *pro se*, brought suit against the FDIC in the United States District Court for the Eastern District of Virginia. *Elliot v. FDIC*, No. 1:00-cv-1553 (E.D. Va. May 11, 2001); Dkt. 8-1, 26. In that proceeding, Plaintiff took issue with his termination from the FDIC and asked the Court to "reverse the board's decision and find that [the FDIC] did

not prove its charges." Dkt. 8-1, 19-20. The defendant in that matter filed a motion to dismiss and for summary judgment. Dkt. 8-1, 22.

Following briefing on the defendant's motion and a hearing, this Court found that Plaintiff, in his application for federal employment with the FDIC, provided that "he had been self-employed as an independent contractor from January '81 to May of '87, and that he had not been fired from any job during the prior ten years." Dkt. 8-1, 22-23. The Court further found that these statements were "not true," and "[f]or much of the time from '81 to '87, [Plaintiff] was employed by the Department of the Army, and removed by the Army for the acts of insubordination and defiant behavior." *Id.* Further, the Court noted that "[d]uring the course of [Plaintiff's] employment with the FDIC, [he] sent numerous e-mails and other forms of correspondence to individuals within the agency concerning his supervisors and matters of the Division of Resources Management." *Id.* at 24. In a meeting in December of 1998, Plaintiff's supervisors "expressed concern to [Plaintiff] regarding the tone and nature of some of his communications" and directed that Plaintiff communicate via the proper chain of command. *Id.* Despite these directives, Plaintiff "apparently sent additional e-mails which caused the [FDIC] concern." *Id.*

Ultimately, this Court found that the Administrative Judge's findings below, which were adopted by the MSPB, were "supported by substantial evidence," and accordingly, the Court granted the defendant's motion to dismiss and motion for summary judgment. *Id.* at 29, 31.

Defendant appealed this Court's decision to the United States Court of Appeals for the Fourth Circuit, the Fourth Circuit affirmed this Court's order. *Elliot v. FDIC*, No. 01-1771(4th Cir.), *cert denied*, 535 U.S. 989 (2002).

3

C. *Elliot v. FDIC*, 305 F. Supp. 2d 79 (D.D.C. 2004)

Next, Plaintiff brought claims in the United States District Court for the District of the District of Columbia against the FDIC proclaiming, "impoverishment and stigmatism due to his allegedly wrongful termination from the . . . FDIC . . . in 1999." *Elliot v. FDIC*, 305 F. Supp. 2d 79, 81 (D.D.C. 2004). In relevant part, the defendant in that matter argued that Plaintiff's claim was barred under the doctrine of *res judicata* "on the grounds that the subject matter for [the complaint then before the court] was previously litigated in a prior case" namely Plaintiff's 2000 case in the Eastern District of Virginia. *Id.* Accordingly, for that reason, the District of the District of Columbia dismissed Plaintiff's complaint with prejudice. *Id.* at 83.

D. *Elliot v. Chairman of the U.S. Merit Systems Prot. Bd.*, No. 2:05-0115, 2006 WL 288161 (M.D. Tenn. Feb. 2, 2006)

Yet again, on November 7, 2005, Plaintiff filed suit against the Chairman of the MSPB in the United States District Court for the Middle District of Tennessee. *Elliot v. Chairman of the U.S. Merit Systems Protection Bd.*, No. 2:05-0115, 2006 WL 288161, at *1 (M.D. Tenn. Feb. 2, 2006). In that litigation, Plaintiff maintained that the defendant was "publishing false statements or refusing to halt publication of such statements by the . . . [FDIC] . . . about the reasons for his termination, i.e., false statements that Plaintiff made threatening remarks and falsification of documents." *Id.* In part, the defendant moved that plaintiff's claim be bared under *res judicata*. *Id.* The Middle District of Tennessee found that "Plaintiff's claims [had] been adjudicated or could have been adjudicated in his multiple prior federal law actions." *Id.* at *3. The court noted that the claims before it were "strikingly similar" to those Plaintiff previously brought before the Eastern District of Virginia. *Id.* The court then granted defendant's motion on the grounds that Plaintiff's claims were barred by *res judicata*. *Id.*

4

Plaintiff then appealed the district court's decision to the United States Court of Appeals for the Sixth Circuit, which affirmed the court's finding. *Elliot v. Chairman of the U.S. Merit Sys. Prot. Bd.*, No. 06-5308 (6th Cir. Dec. 5, 2006); Dkt. 8-1, 47-48.

   E.   *Elliot v. FDIC*, DC-0752-99-0690-C-1, 2008 WL 2166340 (M.S.P.B. Apr. 4, 2008)

On February 20, 2008, Plaintiff filed a "Petition for Enforcement" with MSPB against the FDIC. *Elliot v. FDIC*, DC-0752-99-0690-C-1, 2008 WL 2166340, at *1 (M.S.P.B. Apr. 4, 2008). In this petition, Plaintiff claimed that the form documenting his employment termination was "a fraudulent[,] libelous certification . . . ." *Id.* (internal citations omitted).  The MSPB denied Plaintiff's petition and found that the FDIC properly terminated Plaintiff's employment and "correctly stat[ed] that [Plaintiff] was removed for falsification of official Federal government documents, and inappropriate or disrespectful conduct." *Id.* (internal citations omitted)

   F.   *Elliot v. MSPB*, No. 2:17-cv-47, 2017 WL 6102809 (E.D. Tenn. Dec. 16, 2017)

Then, Plaintiff brought suit against the Chairmen of the MSPB and FDIC yet again, but in the United States District Court for the Eastern District of Tennessee. *Elliot v. MSPB*, No. 2:17-cv-47, 2017 WL 6102809, at *1 (E.D. Tenn. Dec. 16, 2017).  In that matter, Plaintiff asked the court to "Set Aside Judgment for Fraud on the Court," alleging that the Chairmen "fabricated its reason for terminating [Plaintiff's] employment with the [FDIC]." *Id.* (internal citations omitted). The court granted the defendants' motion to dismiss noting that the court's "ability to exercise subject matter jurisdiction over [the] case – which according to [Plaintiff's] allegations, derives from proceedings before the Eastern District of Virginia and the Fourth Circuit – is dubious." *Id.* at *2.  However, the court concluded that it had "no need to delve into the grainy issue [of] . . . whether a district court in one jurisdiction can entertain an independent action Rule 60(d)(3) to

rescind another court's judgment . . . because [Plaintiff] did not plead sufficient facts to undergird his claim." *Id.* at *3. Accordingly, the court dismissed Plaintiff's action. *Id.* at 4.

G.   *Elliot v. Chairman*, No. 1:17-cv-1443 (E.D. Va. 2017)

Three days after the Eastern District of Tennessee dismissed Plaintiff's action, Plaintiff filed yet another action in this Court against the Chairmen of the MSPB and the FDIC bringing claims stemming from the FDIC's decision to terminate Plaintiff's employment. *Elliot v. Chairman*, 1:17-cv-1443, Dkt. Nos. 1 and 3, (E.D. Va. 2017). Following Plaintiff's motion to amend his complaint, the Honorable Michael S. Nachmanoff issued a report and recommendation providing that the Court should deny Plaintiff's motion to amend and dismiss the case in full. *Id.* at Dkt. 7. Judge Nachmanoff reasoned that the case should be dismissed because Plaintiff's amended complaint was "not merely vague but also incomprehensible . . . . In fact, Plaintiff provide[d] no context or basis for even filing a lawsuit . . . . [and] the pleading . . . appear[ed] otherwise frivolous." *Id.* at Dkt. No. 7, 2. The Honorable Claude M. Hilton adopted the report and recommendation, denied Plaintiff's motion to amend, and dismissed the case. *Id.* at Dkt. No. 24, 1. Plaintiff then appealed this Court's order to the Fourth Circuit. *Elliott v. Chairman*, 731 Fed. App'x. 241 (4th Cir. 2018) (per curiam). The Fourth Circuit affirmed the order of this Court. *Id.*

H.   *In re Roger Elliot*, No. 18-1927 (4th Cir. Oct. 22, 2018)

Next, Plaintiff filed petitions for a writ of mandamus with the Fourth Circuit, in which he sought "an order directing the . . . MSPB . . . to remedy [Plaintiff's] allegedly unlawful termination from the [FDIC] . . . ." *In re Roger Elliott*, No. 18-1927, at 292 (4th Cir. Oct. 22, 2018). The court found that it "lack[ed] authority to grant the relief that [Plaintiff sought]," and dismissed Plaintiff's petitions without hearing oral argument. *Id.*

6

I.  *Elliot v. United States*, 1:19-cv-696, 2019 WL 3246995 (Fed. Cl. July 19, 2019)

Plaintiff then proceeded to bring suit in the United States Court of Federal Claims against the United States requesting that the court order the "'end of due [ ] process violations to protect high level bureaucrats,' correct an employment form, and vacate a Fourth Circuit decision . . . ." *Elliott v. United States*, 1:19-cv-696, 2019 WL 3246995, at *1 (Fed. Cl. July 19, 2019). The Court of Federal Claims found that it lacked subject matter jurisdiction over Plaintiff's claims and dismissed Plaintiff's complaint. *Id.*

### J.  The Instant Matter

Roughly a month after his case in the Court of Federal Claims was dismissed, Plaintiff brought the instant matter to this Court, asking the Court to "remedy" the MSPB's affirmation of the FDIC's decision to terminate Plaintiff's employment that occurred over 20 years ago. Dkt. 1. Plaintiff filed a motion for summary judgment, which this Court denied. Dkt. Nos. 6 and 13. On November 12, 2019, the Defendants filed the instant Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim and Motion for Prefiling Injunction. Dkt. Nos. 7 and 8. Plaintiff opposed the Motions and moved to "remind" the Court that the claims at issue concerned "an unconstitutional judgment." Dkt. Nos. 11 and 12. The instant matter is now ripe for judgment.

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). A district court must dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that the federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743

(1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). There are two ways in which a defendant may present at 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. In such a case, all facts as alleged by the plaintiff are assumed to be true. *Id.*

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Contr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891. The district court is then free to weigh the evidence to determine the existence of jurisdiction. *Adams*, 697 F.2d at 1219. "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

It appears that Defendants attack Plaintiff's Complaint under the second method. The Court will review Defendants' Motion to Dismiss accordingly.

### B. Federal Rule of Civil Procedure 12(b)(6)

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* Fed. R. Civ. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); *Twombly*, 550 U.S. at 555.   A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Id.*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570.   A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *E. Shore Mkts., Inc. v J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).   In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc.*, 213 F.3d at 180 ("[w]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . . [s]imilarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.").

That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17–cv–01365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

9

## III. ANALYSIS

### A. Subject Mater Jurisdiction

Construing Plaintiff's Complaint liberally, it appears that Plaintiff avers that Defendants, acting in their official capacities, violated Plaintiff's "constitutional rights"[1] when, in 1999, the FDIC terminated Plaintiff's employment and the MSPB affirmed the FDIC's decision. Dkt. 1. Plaintiff relies on *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, to support his position. 403 U.S. 388 (1971). Plaintiff further maintains that, pursuant to Federal Rule of Civil Procedure 60(b)(4), this Court has jurisdiction to consider whether the MSPB's judgment is void. Dkt. 1, 1; *see* Fed. R. Civ. P. 60(b)(4) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [when] the judgment is void.").

Defendants counter that this Court lacks subject matter jurisdiction because "[t]he United States has not waived its sovereign immunity with respect to the implied remedy created in *Bivens*, and as such, this Court should find that it lacks subject matter jurisdiction and dismiss Plaintiff's Complaint accordingly." Dkt. 8, 17.

The Court finds that Plaintiff has not met his burden of showing that this Court has subject matter jurisdiction over Plaintiff's claims. The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated." The Supreme Court of the United States in *Bivens*, held that an unreasonable search and seizure "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. 388, 389 (1971); *see also Zigiar v. Abbssi*, 137 S. Ct. 1843,

---

[1] Plaintiff does not specify which of his Constitutional rights were violated.

1854 (2017) (finding even absent statutory authorization, [the Court] would enforce a damages remedy to compensate persons injured by federal officers who violated the [constitutional] prohibition against unreasonable search and seizures."). The United States Court of Appeals for the Fourth Circuit has construed *Bivens* as "a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Hall v. Clinton*, 235 F. 3d 202, 204 (4th Cir. 2000) (citing *Bivens*, 403 U.S. at 395-97).

However, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 50 U.S. 471, 484-86 (1994). Sovereign immunity is jurisdictional, and thus without a waiver, this Court does not have power to hear a claim against the Federal Government. *Id.* "[I]t is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005).

Plaintiff brings the instant matter against the Chairmen of the United States Merit Systems Protection Board and the Federal Deposit Insurance Corporation. Dkt. 1, 1. While Plaintiff, a *pro se* litigant, does not specify the capacity in which he is suing Defendants, construing his claim liberally because of Plaintiff's *pro se* status, it is dubious that Plaintiff is bringing his claim against the Defendant Chairmen as civilians. The Court finds that given the nature of the claims, Plaintiff is suing Defendants in their official capacities. Plaintiff, who bears the burden of proving unequivocal waiver of sovereign immunity, has not provided the Court with any authority that would suggest that Defendants, while acting in their official capacity, have waived sovereign immunity as officials of the federal government.

Nevertheless, Plaintiff avers that this Court has jurisdiction to hear his claim pursuant to *Bivens*. 403 U.S. 388, 389 (1971). However, in *F.D.I.C. v. Meyer*, the Supreme Court of the United States declined to extend the holding of *Bivens* from "federal *agents* [ ] [to] federal

*agencies.*" 50 U.S. 471, 484-86 (1994) (emphasis in original).  Interpreting the *Meyer* holding, the United States Court of Appeals for the Fourth Circuit has taken the view that "a *Bivens action does not lie against either agencies or officials in their official capacity.*" *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (emphasis in original) (citing *Meyer, 510 U.S. at 484–86; Randall v. United States,* 95 F.3d 339, 345 (4th Cir.1996)).  Thus, based on the Fourth Circuit's jurisprudence, Plaintiff's reliance on *Bivens* is misplaced in his suit against the Chairmen of the FDIC and MSPB because Plaintiff is essentially bringing suit against these Defendants in their official capacities.

Therefore, Plaintiff has failed to meet his burden of showing that this Court has subject matter jurisdiction.

### B. *Res Judicata*

Even if this Court had subject matter jurisdiction, Plaintiff's claim is barred by *res judicata*. Plaintiff's Complaint appears to take issue with the MSPB's affirmation of the FDIC's June 1999 termination of Plaintiff's employment.  Dkt.  1.   Defendants counter that "Plaintiff has now litigated the issues surrounding his 1999 termination from the FDIC's employ for nearly *two decades*, and has unsuccessfully pressed claims in, *inter alia, four* separate federal district courts – now *three times* in this Court alone. As such [P]laintiff's civil action is barred by application of the *res judicata* standard." Dkt. 8, 13 (emphasis in original).  Indeed, Plaintiff has litigated this case over the course of two decades and four different presidential administrations.

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002).  "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." *Id.*  Defendants aver that claim preclusion applies here. Dkt. 8, 14-15.

"The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Orca Yachts*, 287 F.3d at 318 (internal citations omitted).  A claim is said to be precluded where three elements are met:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions." *Id.* at 1316.

In considering Defendants' *res judicata* argument, the Court may take judicial notice of the "facts from [ ] prior judicial proceeding[s] . . . ." *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010) (internal quotations omitted) (citing *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000)). Accordingly, the Court takes judicial notice of six judicial proceedings to which Plaintiff brought claims against either the FDIC or the MSPB concerning his 1999 termination of employment. *Elliot v. FDIC*, 1:00-cv-1553 (E.D. Va. May 11, 2001) (following Defendant FDIC's motion for summary judgment, the Court granted defendant's motion, and notified that plaintiff Roger Elliot that "[s]hould [he] wish to appeal [the Court's] Order he must do so within 60 days . . . ."); *Elliot v. FDIC*, No. 01-1771 (4th Cir. Oct. 17, 2001) (affirming the district court's decision to grant defendant FDIC's motion for summary judgment in *Elliot v. FDIC*, 1:00-cv-1553 (E.D. Va. May 11, 2001), without having oral argument); *Elliot v. FDIC*, 305 F. Supp. 2d 79, 83 (D.D.C. 2004) ("[b]ecause the requirements of *res judicata* have been met, plaintiff [ Roger Elliot]'s complaint must be dismissed with prejudice."); *Elliot v. Chairman of U.S. Merit Sys. Prot. Bd.*,

2:05-0115, 2006 WL 288161 (M.D. Tenn. Feb. 3, 2006) (finding that [p]laintiff[ Roger Elliot]'s claims have been adjudicated or could have been adjudicated in his multiple prior federal law actions . . . . not[ing] that the East Virginia district court's decision involved claims that are strikingly similar to [p]laintiff[ Roger Elliot]'s claims [before the court and t]hus, the [c]ourt conclude[d] that the [d]efendant's motion to dismiss should be granted on *res judicata* grounds"); *Elliot v. MSPB*, No. 2:17-cv-47, 2017 WL 6102809 (E.D. Tenn. Dec. 16, 2017); *Elliot v. Chairman*, 1:17-cv-1443 (E.D. Va.). The Court finds that Plaintiff's claim is precluded by this Court's judgment in *Elliot v. FDIC*, 1:00-cv-1553 (E.D. Va. May 11, 2001).

### 1. Final and on the Merits

"The *res judicata* final judgment requirement is met when 'a particular adversary proceeding has been finally resolved [such that] the outcome constitutes an appealable final decision.'" *Royal Meadows Stables, Inc. v. Colonial Farm Credit, ACA*, 207 B.R. 1003, 1007 (E.D. Va. 1997) (citing *Turshen v. Chapman*, 823 F.2d 836, 839 (4th Cir. 1987)).

Similar to the United States District Courts for the District of Columbia and the Middle District of Tennessee, this Court finds that Plaintiff's claims are precluded by the final judgment on the merits rendered by this Court in the *Elliot v. FDIC*, 1:00-cv-1553 (E.D. Va. May 11, 2001) matter. It is clear that this was a final judgment that was appealable not only from the language of the Court's order, but also from the appeal that followed, in which the United States Court of Appeals for the Fourth Circuit "affirm[ed] on the reasoning of the district court." As such, it is clear that the requirement of finality is met for purposes of *res judicata*.

### 2. Parties are Identical or in Privity

The parties Plaintiff presently brings suit against are either identical or in privity with those Plaintiff formerly sued in *Elliot v. FDIC*, 1:00-cv-1553 (E.D. Va. May 11, 2001). "Privity attaches

only to those parties whose interests in a given lawsuit are deemed to be aligned." *Jones v. S.E.C.*, 115 F.3d 1173, 1181 (4th Cir. 1997) (internal citations omitted).

In the instant matter, Plaintiff has brought suit against the Chairmen of the FDIC and the MSPB. In *Elliot v. FDIC*, 1:00-cv-1553 (E.D. Va. May 11, 2001), Plaintiff sued the MSPB and the FDIC. Surely, the MSPB, FDIC, and their chairmen have interests that are aligned in this case and the case Plaintiff brought to this Court in 2000. Thus, Defendants in the instant matter and *Elliot v. FDIC*, 1:00-cv-1553 are in privity. As such, the *res judicata* requirement that parties be either identical or in privity is satisfied.

### 3. The Same Cause of Action

In the instant matter, Plaintiff asks this Court to reconsider the MSPB's affirmation the FDIC's June 1999 decision to terminate Plaintiff's employment with the FDIC. Dkt. 1. Similarly, in *Elliot v. FDIC*, 1:00-cv-1553 (E.D. Va. May 11, 2001), and in fact several other cases Plaintiff brought to various courts concern this same termination of employment. Indeed, the instant action "arises out of the same transaction or series of transactions, or the same core of operative facts" that Plaintiff's previous causes of action arose out of. *In re Varat Enterprises*, 81 F.3d at 1316.

Thus, it is clear that the requirement that claims in the instant matter be based upon the same cause of action as those in the earlier proceeding is met.

In sum, because each of the requirements for claim preclusion are met, this Court finds that *res judicata* bars this Court form hearing Plaintiff's claim.

### C. Failure to State a Plausible Claim

Even setting aside that this Court lacks subject matter jurisdiction and that Plaintiff's claims are barred by *res judicata*, Plaintiff's still fails to state a plausible claim from which relief may be granted.

The Court need not address Defendants' position on whether "Federal Rule of Civil Procedure 60(b)(4) does not itself authorize an independent action" because even assuming that it does, Plaintiff's Complaint does not plead sufficient facts to support such a claim that this Court's prior judgment was void.

The United States Court of Appeals for the Fourth Circuit has found that "[a]n order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005) (citing *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999)).

Aside from summarily alleging that his due process rights were violated and that the MSPB lacked jurisdiction, Plaintiff's Complaint is devoid of any fact that would tend to support a claim that the Eastern District of Virginia's judgment is void under Rule 60(b)(4) because the Court lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law. Therefore, this Court finds that Plaintiff has failed to plead sufficient facts to support plausible claim for which relief may be granted.

### D. Prefiling Injunction

Defendants also moves this Court for a prefiling injunction against Plaintiff requiring that before Plaintiff may bring an action concerning the same subject matter of the instant case "a jurist [must first] conclude [ ] that the filing is meritorious and provide[ ] [P]laintiff leave to file." Dkt. 8, 23. Defendants urges this Court to grant this motion because "this is [P]laintiff's ninth attempt over twenty years – in either an administrative or judicial forum – to litigate and then re-litigate over and over again, the propriety of the FDIC's 1999 termination of his employment and the MSPB's subsequent affirmance of that decision." *Id.* at 20-21.

16

The All Writs Act, 28 U.S.C. § 1651(a) (2000), provides federal courts the power to "limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). "Such a drastic remedy must be used sparingly, however, consistent with constitutional guarantees of due process of law and access to the Courts." *Id.* (citing to U.S. Const. amend. XIV, § 1); *see also Traux v. Corrigan*, 257 U.S. 312, 332 (1921) ("The due process clause requires that every man shall have the protection of his day in court."). Accordingly, "a judge should not in any way limit a litigant's access to the courts absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" *Cromer*, 390 F.3d at 817-18 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). Thus,

> [i]n determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818.

### 1. History of Litigation

Plaintiff's history of litigating the subject matter of this case weighs in favor of this Court granting Defendants' Motion for a Prefiling Injunction. Despite this Court's 2001 judgment concerning Plaintiff's 1999 termination from employment with the FDIC, Plaintiff, over the course of the last two decades, has brought a total of eight additional cases, including the instant action, to this Court, other district courts, the Fourth Circuit, the Court of Federal Claims, and administrative courts. *See Elliot v. United States*, 2019 WL 3246995 (Fed. Cl. July 19, 2019); *In re Elliot*, No. 18-1927 (4th Cir.); *Elliot v. Chairman*, 1:17-cv-01443 (E.D. Va.); *Elliot v. MSPB,*

2017 WL 6102809 (E.D. Tenn. Dec. 16, 2017); *Elliot v. FDIC*, 2008 WL 2166340; *Elliot v. Chairman*, 2006 WL 288161; *Elliot v. FDIC*, 305 F. Supp. 2d 79. Each of these actions stemmed from the same incident. According, the Court finds that, at a minimum, Plaintiff has filed duplicative lawsuits, and thus the history of this litigation warrants a prefiling injunction.

### 2. Good Faith Basis or Harassment

This Court finds that Plaintiff has filed these duplicative suits in an effort to harass Defendants.

Multiple courts have precluded Plaintiff's claim arising from the same incident as the instant matter, and against the same Defendants being sued in this case, on the grounds of *res judicata*. *See Elliot v. FDIC*, 305 F. Supp. 2d at 83 (finding "[b]ecause the requirements of *res judicata* have been met, plaintiff [Roger Elliot]'s complaint must be dismissed with prejudice"); *Elliot v. Chairman of U.S. Merit Sys. Prot. Bd.*, 2006 WL 288161, at *3 (finding that "[p]laintiff [Roger Elliot]'s claims have been adjudicated or could have been adjudicated in his multiple prior federal law actions . . . . not[ing] that the East Virginia district court's decision involved claims that are strikingly similar to [p]laintiff[ Roger Elliot]'s claims [before the court and t]hus, the [c]ourt conclude[d] that the [d]efendant's motion to dismiss should be granted on *res judicata* grounds"). Multiple jurisdictions have opined and explained to Plaintiff that he has already or should have already adjudicated his claim in his prior federal actions. As such, Plaintiff has been made aware that he cannot litigate a claim that has already received a final judgment. *See Elliot v. FDIC*, 305 F. Supp. 2d at 83; *Elliot v. Chairman of U.S. Merit Sys. Prot. Bd.*, 2006 WL 288161, at *3. Nevertheless, despite the opinions of multiple jurisdictions, Plaintiff has persisted in bringing additional claims. These facts circumstantially evince that Plaintiff has brought virtually the same claims against Defendants as a form of harassment.

### 3. Burden of the Courts and Other Parties

Ostensibly, over the past 20 years, Plaintiff's duplicative and harassing filings have burdened the courts and Defendants. Each time Plaintiff has filed a claim about this same situation, Defendants are required to respond and the Court must address why this Court's original judgment on the same issue was final and why Plaintiff is precluded yet again from filing the claim one more time. Thus, this Court finds that a prefiling injunction is appropriate to prevent the Court and Defendants from further burden.

### 4. Adequacy of Alternative Sanctions

This Court finds that alternative sanctions would likely be inadequate.

Monetary sanctions would likely be insufficient. Plaintiff avers that he is "forever unemployable." Dkt. 1. Plaintiff has also spent the last 20 years litigating his termination of employment from the FDIC. Defendants have expressed, without contest, that they doubt that Plaintiff would be able to pay a monetary sanction. As such, the Court finds that it does not appear that a monetary sanction would be the proper remedy in the instant matter.

Moreover, a finding of contempt seems equally deficient. Plaintiff has shown persistence in litigating this same issue time and time again over the last 20 years. Despite directives from courts that he could not continue to bring claims based upon the same cause of action, Plaintiff has incessantly litigated this same issue time and time again over the last 20 years. As such, it is unlikely that finding Plaintiff in contempt of Court would deter him from filing some iteration of the same suit yet again.

### 5. Scope of Injunction

Courts must ensure that prefiling injunctions are "narrowly tailored to fit the specific circumstances at issue . . . . Absent this narrowing, a prefiling injunction, like any other injunction,

19

Ostensibly, over the past 20 years, Plaintiff's duplicative and harassing filings have burdened the courts and Defendants. Each time Plaintiff has filed a claim about this same situation, Defendants are required to respond and the Court must address why this Court's original judgment on the same issue was final and why Plaintiff is precluded yet again from filing the claim one more time. Thus, this Court finds that a prefiling injunction is appropriate to prevent the Court and Defendants from further burden.

### 4. Adequacy of Alternative Sanctions

This Court finds that alternative sanctions would likely be inadequate.

Monetary sanctions would likely be insufficient. Plaintiff avers that he is "forever unemployable." Dkt. 1. Plaintiff has also spent the last 20 years litigating his termination of employment from the FDIC. Defendants have expressed, without contest, that they doubt that Plaintiff would be able to pay a monetary sanction. As such, the Court finds that it does not appear that a monetary sanction would be the proper remedy in the instant matter.

Moreover, a finding of contempt seems equally deficient. Plaintiff has shown persistence in litigating this same issue time and time again over the last 20 years. Despite directives from courts that he could not continue to bring claims based upon the same cause of action, Plaintiff has incessantly litigated this same issue time and time again over the last 20 years. As such, it is unlikely that finding Plaintiff in contempt of Court would deter him from filing some iteration of the same suit yet again.

### 5. Scope of Injunction

Courts must ensure that prefiling injunctions are "narrowly tailored to fit the specific circumstances at issue . . . . Absent this narrowing, a prefiling injunction, like any other injunction,

will not survive appellate review." 390 F.3d 812, 818 (4th Cir. 2004) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 25 (2d Cir. 1986)).

The United States Court of Appeals for the Fourth Circuit in *Cromer v. Kraft Foods N. Am., Inc.*, adopted the Second Circuit's view regarding the appropriate limitations for a prefiling injunction in a civil case. *Cromer*, 390 F.3d at 818 (citing *Safir*, 792 F.2d at 25). In *Safir v. U.S. Lines, Inc.*, the Second Circuit noted that "the district court imposed a prefiling injunction against a litigant who had, over the course of approximately twenty years, filed eleven federal court actions against the same defendants . . . ." *Cromer*, 390 F.3d at 818 (citing 616 F. Supp. 613, 617 (E.D.N.Y. 1985)). While the United States Court of Appeals for the Second Circuit affirmed the district court's issuance of a prefiling injunction preventing the plaintiff from "asserting in any federal court any new claims related to, or arising out of," the facts giving rise to the litigant's vexatious litigation, the Second Circuit narrowed that injunction to "allow the litigant the option of filing additional federal court actions if granted to do so by the district court." *Cromer*, 390 F.3d at 818; *Safir*, 792 F.2d at 22 – 2.

The Fourth Circuit, just after discussing *Safir*, held that "[a] narrowly tailored injunction . . . would address only filings in that or related actions." *Cromer*, 390 F.3d at 819; *see also Thomas v. Fulton*, 07-1718, 2008 WL 64651, * 1 (4th Cir. Jan. 2008) (finding prefiling injunction not "narrowly tailored" where the "prefiling injunction prohibits [Plaintiff] from filing further civil actions against government officials and their counsel without permission of the district court in unrelated actions."); *Miles v. Angelone*, 483 F. Supp. 2d 491, 497 (E.D. Va. 2007) (enjoining plaintiff from "filing any further pleadings or motions related to [the case number of the matter then before the Court and the case number of a matter previously before the Court] in the United

States District Court for the Eastern District of Virginia . . . ."), *aff'd* 238 Fed. App'x. 978, 979

(4th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1092 (2008) (Mem).

> Defendants in the instant matter aver that

> [t]wo limitations on the proposed pre-filing injunction are important . . . : (1) [that] the proposed injunction only relate [ ] to the same subject-matter ([P]laintiff's 1999 FDIC termination and the MSPB's subsequent affirmance of that termination) that has been the gravamen of [P]laintiff's repeated and abusive filings; and (2) [that the injunction] continue[ ] to allow [P]laintiff access to the courts – even on this subject-matter – if a jurist concludes that the filing is meritorious and provides [P]laintiff leave to file.

Dkt. 8, 23. Given, the Fourth Circuit's jurisprudence on the limitations of a prefiling injunction in

a civil matter, the Court finds these limitations to be appropriate.

Accordingly, the Court issues a prefiling injunction precluding Plaintiff from filing a claim,

absent leave of court, in the United States District Court for the Eastern District of Virginia,

concerning the FDIC's 1999 decision to terminate Plaintiff's employment and the MSPRP's

affirmation thereof.

Plaintiff has 14 days from the date of this order to submit any objections to issuing this

limited prefiling injunction. The injunction will not go into effect until a separate order issues.

## IV. CONCLUSION

Thus, for the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is for Lack of Subject

Matter Jurisdiction (Dkt. 7) is GRANTED;

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss for Failure to State a

Claim (Dkt. 7) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff enjoined from filing any further pleadings or motions related to 1:19-cv-1111, 1:00-cv-1553, or 1:17-cv-1443 in the United States District Court for the Eastern District of Virginia without first receiving permission form this Court to do so;

IT IS FURTHER ORDERED that Plaintiff's Motion to Remind that the Issue is an Unconstitutional Judgment (Dkt. 14) is moot;

IT IS FURTHER ORDERED that Plaintiff's Motion to Speedily End Confessed, Constitutional Violations (Dkt. 15) is moot.

It is SO ORDERED.

Alexandria, Virginia
January 17, 2020

/s/

Rossie **D. Alston,** Jr.
United **States** District Judge